UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

YOLONZOL GREEN,

    Plaintiff,

    -v-                                      18-CV-6683 CJS
                                              ORDER
N.Y.S. PAROLE and N.Y.S. POST
SUPERVISION RELEASE,

    Defendants.

───────────────────────────────

*Pro se* Plaintiff Yolonzol Green ("Plaintiff"), an inmate currently in custody at the Gouverneur Correctional Facility, has filed this action seeking relief under 42 U.S.C. § 1983. He alleges that Defendants violated his due process rights. Docket Item 1. Plaintiff has also requested permission to proceed *in forma pauperis*, Docket Item 4, and filed a Motion to appoint counsel, Docket Item 7. He is seeking to be "released" from post-release supervision and ankle monitoring.

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization in this action, he is granted permission to proceed *in forma pauperis*. For the reasons discussed below, the Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A with leave to amend, and the request to appoint counsel is denied.

## DISCUSSION

I. **Legal Standard**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007)

(citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). Nevertheless, leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice

requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). But a supervisory official can be found to be personally involved in an alleged constitutional violation in one of several ways:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873 (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

## II. Plaintiff's Allegations

Plaintiff brings suit against the New York State Parole Board and post-release supervision, which are part of the New York State Department of Corrections and Community Supervision ("DOCCS"). A liberal reading of the Complaint reveals Plaintiff's wholly conclusory allegations that his post-release supervision, and accompanying placement on ankle-bracelet monitoring, is "unconstitutional" and "violates various due rights." Docket Item 1 at 4-5. He further alleges that an ankle bracelet "was placed on [him] without a warrant and was not a condition of [his] post release." *Id.* at 5. The bracelet is "large and cumbersome," and it causes his ankle and leg to swell. *Id.* It also causes Plaintiff "constant mental anguish" due to his fear of being seen as a criminal and fear of triggering the alarm. *Id.* He is seeking release from post-release supervision or release from ankle-bracelet monitoring, or both, and monetary damages. *Id.*

## III. Analysis

First, because Plaintiff appears to be challenging the "fact or duration" of his sentence, which includes post-release supervision, and seeks release from that confinement, "his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Moreover, Plaintiff's claims appear to be barred by the favorable-termination rule stated in *Heck v. Humphreys*, 512 U.S. 477, 484 (1994). The Supreme Court has made it clear that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages

4

> bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87; *see also Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999); *Hill v. Goord*, 63 F. Supp. 2d 254, 256 (E.D.N.Y. 1999) (finding that *Heck* precludes section 1983 challenges to either the conduct of a parole hearing or the denial of parole).

An action's disposition on *Heck* grounds "warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.' " *Amaker*, 179 F.3d at 52 (quoting *Heck*, 512 U.S. at 487). In general, district courts should give *pro se* litigants leave to amend their complaints before facing final dismissal. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Plaintiff is therefore afforded an opportunity to amend his Complaint and show cause as to why his claims should not be dismissed as barred by *Heck*.

Plaintiff is granted leave to file an amended complaint in which he alleges facts to show cause why his requests for release from post-release supervision and its conditions should not be dismissed under *Heck*. With respect to Plaintiff's complaints concerning the ankle bracelet itself, it is unclear to the Court what federal right is alleged to be violated by the bracelet's placement, if any. Should Plaintiff amend this claim, he is advised that although he "has a limited due process right that entitles him to conditions of parole that are reasonably related to his prior conduct or to the government's interest in his rehabilitation," *Singleton v. Doe*, 210 F. Supp. 3d 359, 374 (E.D.N.Y. 2016), parolees do "not have the protected liberty interest in being free from special conditions. It is well within the Division of Parole's discretion to impose supervision conditions that the parolee

deems onerous." *Robinson v. Pagan*, No. 05 CIV. 1840(DAB), 2006 WL 3626930, at *6 (S.D.N.Y. Dec. 12, 2006) (internal citation omitted).

### III. Appointment of Counsel

Although there is no constitutional right to appointed counsel in civil cases, under 28 U.S.C. § 1915(e), the Court in its discretion may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The factors to be considered include whether: (1) the claims are likely to be of substance; (2) the indigent is able to investigate the crucial facts concerning his claim; (3) conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) the legal issues involved are complex; and (5) there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir.1986)).

The Court, considering these factors, finds that appointment of counsel is not warranted at this point in the proceedings.

### CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted, Docket Item 4, and his Motion to appoint counsel is denied as premature, Docket Item 7. For the reasons stated above, the Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless Plaintiff files an amended complaint, **within 45 days of the entry of this Order**, in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the

action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. Int'l Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, an amended complaint must include all of the allegations against each defendant so that the amended complaint may stand alone as the sole complaint to be answered.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that Plaintiff's Motion to appoint counsel is denied;

FURTHER, that Plaintiff is granted leave to file an amended complaint only as directed above **with 45 days of entry of this Order**;

FURTHER, that the Clerk of Court is directed to send to Plaintiff with this Order a copy of the original Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event Plaintiff fails to file an amended complaint as directed above, the Complaint shall be dismissed and the Clerk of Court shall close this case as dismissed without further order; and

FURTHER, that in the event the Complaint is dismissed because Plaintiff has failed to file an amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed

on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
Charles J. Siragusa
United States District Judge

DATED: Dec. 20, 2018
Rochester, NY